## Ramos License

*Jacob J. Kilimnik*, for appellant.

*Vito F. Canuso*, for Secretary of Revenue.

CARROLL, P. J., January 9, 1964.—The matter before us is a motion to quash an appeal from the action of the Secretary of Revenue of the Commonwealth of Pennsylvania suspending the operator's license and automobile registration of the above defendant. The various legal steps emanating from the facts are as follows:

Defendant Ramos, while driving his automobile, was involved in an accident on January 12, 1963. Subsequently, on May 2, 1963, he was notified by the Secretary of Revenue that he would have to post $450 as security for damages resulting from the accident, or a legal release from all parties for damages incurred. He failed to comply with this notice, and, accordingly, the Commonwealth suspended his operator's license and automobile registration on June 28, 1963.

The action of the Secretary was appealed by defendant on July 11, 1963, 13 days after notice of suspension. His position, as stated in his appeal, was that he was without liability in the matter of the accident and that the fault was entirely on the other party. He noted that the other party had received a summons for violating the traffic laws, while no such summons was issued against him. Thus, he argued that the action of the secretary was unconstitutional, capricious, unreasonable and without basis in fact or authority of law.

Subsequently, the Commonwealth filed a motion to quash the appeal, which was heard by this court on August 20, 1963. The Commonwealth's position was that defendant's appeal was untimely and that this court was without jurisdiction. It was averred that

such an appeal should have been taken within 10 days to the Common Pleas Court of Dauphin County, citing section 1401 of The Vehicle Code of April 29, 1959, P. L. 58. Defendant contended that the requirement that an appeal must be taken in Dauphin County was unreasonable, discriminatory and unconstitutional. Further, defendant alleged that the secretary's notice was defective and this raised a question of jurisdiction, making the time for taking the appeal immaterial.

Defendant's operator's license and automobile registration were suspended pursuant to the authority granted to the Secretary of Revenue by section 1404 of The Vehicle Code. The code clearly provides that any person aggrieved by an order under section 1404 may file a petition in the Court of Common Pleas of Dauphin County within 10 days after notice thereof to determine if the order was lawful and reasonable: section 1401 (b) of The Vehicle Code. It is not questioned that defendant failed to conform with this statutory procedure.

However, he justifies his failure to conform by alleging the requirement that he appeal in Dauphin County is unconstitutional. In Commonwealth v. Koczwara, 78 D. & C. 6 (1951), there was a similar factual situation as here, and defendant there presented substantially the same arguments that have been presented in this case. President Judge Mook, in a lengthy opinion, found ample authority to support the constitutionality of the above-challenged sections of The Vehicle Code. There is no need to expand on the well-reasoned opinion of Judge Mook. It more than adequately answers the constitutional objections raised by defendant Ramos in the present case.

Therefore, since defendant has clearly failed to conform with statutory procedure for appeal, his appeal must be quashed.